# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| LUIS A. VAZQUEZ, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action |
| | ) No. 09-3336-CV-S-RED |
| MARTY ANDERSON, Warden, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges his confinement. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because the petition is not properly before this Court, it will be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that he is illegally in custody, and that he is entitled to release because he has recovered his sanity. He also asserts that his initial commitment under 18 U.S.C. § 4241 was only valid for up to four months, and that his continued commitment pursuant to 18 U.S.C. § 4246 was secured without statutory authority and in violation of his due process rights.

A review of the file and records in the case indicates that petitioner was committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4246, by the United States District Court for the Western District of Missouri. See United States v. Vazques, Case No. 08-3340-CV-S-RED (W.D. Mo. Feb. 26, 2009). Prior to the order committing him, the record establishes that petitioner

1

was afforded the full panoply of due process rights, including an examination by an independent mental health examiner, a hearing where he was represented by counsel, and the right to testify on his own behalf. The evidence, including the reports prepared by the experts, and the testimony at the hearing, was fully reviewed by the undersigned, with the conclusion reached that petitioner should be committed for mental health care and treatment pursuant to 18 U.S.C. § 4246 because he suffers from a severe mental illness, such that his release from confinement would constitute a substantial risk of danger to others or the property of others. An annual report regarding petitioner's current mental health status is not yet due. Petitioner has failed to present any evidence that the proceedings or the commitment were improper. Therefore, it is apparent that petitioner is properly confined pursuant to § 4246 at this time. Additionally, although petitioner alleges that his commitment under 18 U.S.C. § 4241(d) was invalid, any challenge he has regarding that commitment should be brought before the committing court. See Archuleta v. Hedrick, 365 F.3d 644, 649 (8th Cir. 2004). Accordingly, it must be recommended that the petition herein for writ of habeas corpus be dismissed without prejudice.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues presented for which relief is appropriate, the motion is granted.[1]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis and that the petition herein for a writ of habeas corpus be dismissed without prejudice.

/s/ James C. England

---

[1] Petitioner has 10 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.

2

JAMES C. ENGLAND
                                           Chief, United States Magistrate Judge


Date:  11/18/09